PAULINE S. SARGENT *vs.* WALTER E. REED.

Cumberland.      Opinion August 8, 1929.

*Berman & Berman,* for plaintiff.
*Woodman, Whitehouse, Skelton & Thompson,*
*L. M. Sanborn,* for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, BARNES, BASSETT, FARRINGTON, JJ.

FARRINGTON, J.   This case came up on report.  By stipulation of the parties, all references in the record to a former action by the plaintiff against the defendant, and also that portion of the plaintiff's argument relating to *res adjudicata,* are to be disregarded.

On June 14, 1922, the plaintiff leased to the defendant for a period of five years certain premises on the easterly side of Commercial Wharf in Portland, Maine.  The lease, which was to take effect June 1, 1922, provided that "The lessee shall have the right and privilege of renewing this lease for a further period of five years, provided he shall give to the lessor at least sixty days before the first day of June, 1927, a written notice that he desires such five years extension."

No such written notice was given by the defendant, and on June 1, 1927, the five-year term expired.  Under the terms of the lease, rent was payable at six months' periods in advance.  On February 21, 1928, suit on an account annexed was brought by the plaintiff, lessor in the original lease, against the defendant, lessee in said lease, to recover for rental of the premises described in the lease covering a period of six months from December 1, 1927, to June 1, 1928, at $40.00 per month, one count being for use and occupation of the premises described in the lease and another count for the rent of the same premises at the same rate for the "semi-annual installment due December 1, 1927, under the lease dated June 14, 1922." There were also money counts with no specifications. There was also a further count declaring on the original June 14, 1922, lease, in which it was alleged, after reciting the lease and making an annexed copy part of the declaration, that after the expiration of the five-year original period, the defendant remained in possession of the premises, although he did not give any sixty-day notice as required in the lease.  The declaration alleges a waiver on the part of the plaintiff lessor of this written notice of election of the

privilege of extension on the part of the defendant and that the defendant from June 1, 1927, was in possession of the premises by virtue of conduct which was tantamount to an election to avail himself of an extension. The usual general issue was joined.

The real claim of the plaintiff is under the count declaring on the lease and the real question is whether the defendant under the evidentiary facts disclosed by the report made an election to extend the lease for a further period of five years beyond the five years covered by the original lease.

It appears undisputed that the defendant did, after June 1, 1927, leave on the premises certain articles of personal property which were removed some time in December, 1927. It is also undisputed that the defendant did not give any sixty-day written notice of his desire to extend the term.

The plaintiff's claim that she is entitled to judgment for the advance rental from December 1, 1927, to June 1, 1928, is based on two points. First, that there was an extension or renewal of the lease, as a matter of law, for a further period of five years from June 1, 1927, as a result of what is claimed as a holding over on the part of the defendant, as evidenced by his keeping on the premises the personal property admittedly there, and second, that the sixty-day written notice was waived by her.

Taking all the evidence contained in the record and properly admissible, and weighing in the scales the contradictory testimony of the plaintiff and Mr. Jordan, through whom the negotiations relating to the lease were carried on, the preponderating weight of evidence inclines one to the belief that the defendant had no intention of renewing the lease or extending it, and so informed Jordan, who in turn informed the plaintiff of that fact some time prior to June 1, 1927, and that Jordan, as he stated, suggested to the plaintiff prior to June 1, 1927, that he would try to secure another tenant, and as an aid to that he would try to arrange with the defendant to have certain personal property left on the premises, which arrangement was made on the basis of a rental to be paid by the defendant while the property remained there. The placing of the "to let" sign on the premises and its removal after the plaintiff had talked with Jordan tends strongly to corroborate Jordan's testimony.

It would seem immaterial as to whether or not Jordan was the agent of the plaintiff, as the evidence is preponderatingly convincing that knowledge was brought home to the plaintiff as to the defendant's intentions regarding the premises and as to the arrangement made in regard to the personal property to be left there.

While the Maine cases are clear on the point that a holding over is strong evidence of an intent to renew or extend a lease, the great weight of evidence in this case shows that the defendant did not intend to renew or extend the lease and that his holding over was under a tenancy at will understood by the plaintiff and by him.

This tenancy was terminated on January 1, 1928, after due and seasonable notice to the plaintiff in writing in compliance with statutory provisions, so that the defendant is liable only for rent for the month of December, 1927, to the amount of forty dollars ($40.00).

Judgment for plaintiff for the sum of forty dollars ($40.00), with costs.